IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00181-FDW

| | |
|---|---|
| ROBBIE SHERRON,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | |
| TODD PINION, Region Director;  ) | |
| DESTER GIBBS, Superintendent  ) | |
| of Program's Health Services;  ) | |
| CINDY HAYNS, Coordinator  ) | |
| for Mountain View Corr.;  ) | |
| JENNIE SALTER, Psychologist;  ) | |
| FRANK PERRY, Secretary of Public  ) | |
| Safety, NCDPS/DAC-Prisons;  ) | **ORDER** |
| DR. PAULA Y. SMITH, MD, Chief of  ) | |
| Health Services, NCDPS/DAC Prisons;  ) | |
| MIKE SLAGLE, Prison Unit #4855  ) | |
| Mountain View Administrator,  ) | |
| NCDPS/DAC; NORMA MELTON,  ) | |
| Supervisor over Medical Services at  ) | |
| Mountain View Prison, NCDPS/DAC;  ) | |
| KEITH C. DAMICO, PA  ) | |
| Medical Doctor Assistant at 4855  ) | |
| Mountain View Prison Unit;  ) | |
| DEXTER GIBBS, Assistant  ) | |
| Superintendent of Program Services, etc.,  ) | |
| at 4855 Mountain View Corr.,  ) | |
| ) | |
| Defendants.  ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint which he filed pursuant to 42 U.S.C. § 1983.[1] (Doc. No. 1).

---

[1] Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

1

Plaintiff is a prisoner of the State of North Carolina and was so at the time that he filed his § 1983 complaint. Accordingly, Plaintiff is bound by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).

In the present case, according to Plaintiff's verified statement, the complaint was signed on August 18, 2015, and the envelope bears a post-mark of August 19, 2015. (Doc. No. 1: Compl at 5; Doc. No. 1-4 at 1). The Clerk filed the complaint on August 24, 2015. In his complaint, Plaintiff states that he filed a written grievance with prison officials on or about June 23, 2015, and that the grievance was accepted for review on August 14, 2015, and he appealed the recommendation that his grievance be dismissed. (Compl. at 2). On September 21, 2015, Plaintiff filed the Step One response (which is dated August 27, 2015) and the Step Two response (which is dated September 15, 2015); each of which recommend dismissal of the grievance. (Id., Doc. No. 8-1).[2]

Based on the foregoing, it is clear from Plaintiff's admissions in his verified complaint and the dates on the Step One and Two responses that he did not exhaust his administrative remedies prior to filing his § 1983 complaint; therefore the complaint must be dismissed.[3]

---

[2] Plaintiff also filed a Step-Three response to Grievance No. 48552015043. (Id., Doc. No. 9). To the extent the allegations in this grievance are pled in Plaintiff's complaint, (Doc. No. 1), they are due to be dismissed because the Step Three response notes that it was received on August 14, 2015, and the response is dated September 8, 2015; therefore Plaintiff failed to exhaust his administrative remedies with regard to these allegations. It is well-settled that "a prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his administrative remedies during the course of litigation; exhaustion must occur before the filing of the lawsuit, or the case must be dismissed." Woodward v. Daugherty, 845 F. Supp. 2d 681, 684 (W.D.N.C. 2012) (citing Moore, supra at 725)).

[3] Plaintiff also filed an amended § 1983 complaint which raises allegations of events that he contends occurred after

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff' complaint is **DISMISSED** without prejudice for failure to exhaust. (Doc. No. 1).

2. Plaintiff's motion to proceed in forma paueris is **GRANTED**. (Doc. No. 2).

3. Plaintiff's motions for an order compelling defendants to provide him with white paper and pens are **DISMISSED as moot**. (Doc. Nos. 11, 12).

4. Plaintiff's motion for supporting documentation is **DISMISSED as moot**. (Doc. No. 17).

5. Plaintiff's motion for appointment of counsel is **DISMISSED as moot**. (Doc. No. 19).

**IT IS FURTHER ORDERED** that Plaintiff shall inform this Court within 14-days from entry of this Order if he would like his amended complaint (Doc. No. 18) filed in a new civil case. Failure to comply with this Order will result in dismissal of the amended complaint and without further notice.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: March 8, 2016

Frank D. Whitney
Chief United States District Judge

---

the events that are the subject of his June 23, 2015 grievance and the initial complaint. (Id., Doc. No. 18). Because Plaintiff was precluded from proceeding with this civil action due to failure to exhaust, the Court will give Plaintiff the option of having the amended complaint filed in a new civil action.